UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-61987-CIV-COHN/OTAZO-REYES

CYPRESS CHASE CONDOMINIUM
ASSOCIATION "A",

    Plaintiff,

v.

QBE INSURANCE CORP.,

    Defendant.

_____/

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE

**THIS CAUSE** is before the Court upon Defendant's Motion to Strike Portions of Plaintiff's Third Amended Complaint [DE 72] ("Motion").  The Court has considered the Motion, Plaintiff's Response [DE 77], and is otherwise fully advised in the premises.

Defendant QBE Insurance Corp. ("QBE") moves to strike two portions of the Third Amended Complaint [DE 70] as redundant, immaterial, and impertinent, pursuant to Federal Rule of Civil Procedure 12(f).  First, QBE seeks to strike portions of the Third Amended Complaint that allege that QBE violated its duties under Florida Statutes § 627.70131(5)(a).  In this Court's Order Granting Plaintiff's Motion for Leave to File a Third Amended Complaint [DE 67] ("Order Granting Leave"), the Court found that § 627.70131(5)(a) "does not apply retroactively to Plaintiff's October 2010 claim."  Order Granting Leave at 9.  Plaintiff acknowledges this finding and presents no reasons why

§ 627.70131(5)(a) would be pertinent to this case.[1]  Accordingly, the Court will strike all references to QBE's purported duties under § 627.70131(5)(a).

Second, QBE moves to strike all references to QBE's alleged bad faith. Specifically, QBE seeks to strike several allegations that, collectively, purport to show QBE's intentional delay in evaluating Plaintiff's insured losses.  QBE argues that such allegations are irrelevant because Plaintiff cannot raise a claim for statutory bad faith until the underlying coverage dispute has been resolved.  Plaintiff responds that, in the present action, it is not making a claim for bad faith.  Rather, Plaintiff argues, QBE's alleged intentional misconduct forms part of the factual basis for Plaintiff's declaratory judgment claims.  The Court agrees.  As the Court previously explained, Plaintiff's claim seeking a declaration compelling appraisal is only justiciable if QBE expressed disagreement over the valuation of the claim.  See Order Granting Leave at 11. Therefore, Plaintiff's allegations related to QBE's intentional failure to make a coverage determination go directly to the justiciability of Plaintiff's claim.  Furthermore, in a similar case, this Court found that "there is no harm in retaining factual allegations of bad faith in a non-bad-faith action."  Garden-Aire Village S. Condo. Ass'n, Inc. v. QBE Ins. Corp., Case No. 10-61985-CIV-DIMITROULEAS/SNOW, Order Granting in Part Mot. to Strike [DE 63] at 2 (S.D. Fla. May 13, 2012); see also Tracfone Wireless, Inc. v. Access Telecom, Inc., 642 F. Supp. 2d 1354, 1361 (S.D. Fla. 2009) (noting that courts are generally unwilling to grant motions to strike unless there is a showing of prejudicial harm).  Likewise, in the present Motion, QBE has failed to show prejudice and the

---

[1]  Plaintiff argues that the Motion should be denied because of QBE's failure to confer with Plaintiff before filing, as required by Local Rule 7.1(a)(3).  While the Court does not condone QBE's noncompliance with the Local Rules, nevertheless the Court finds that the Motion has merit.

Court, finding none, will deny the Motion as it pertains to Plaintiff's allegations of bad faith.

Therefore, for the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Strike Portions of Plaintiff's Third Amended Complaint [DE 72] is **GRANTED in part and DENIED in part** as follows:

1. Paragraphs 106, 108, 109, 110, 112, 113, 123, 124, and 125 of the Third Amended Complaint [DE 70] are hereby **STRICKEN**.[2]

2. In all other respects, the Motion is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 20th day of November, 2012.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

---

[2] QBE also sought to strike paragraph 118 for its reference to § 627.70131(5)(a). However, because the paragraph only refers to QBE's "contractual and statutory obligations," the Court declines to strike it.